### CHARLES E. FREEMAN vs. ALEXANDER W. ETTER.

July 11, 1874.

**Conversion of Property with Owner's Consent.**—If A, with the knowledge and consent of B, takes and converts to his own use personal property of B, it is not wrongful; and whatever may be the liability of A, it is not in tort, nor can he be held responsible under a complaint which states a cause of action only for the wrongful taking and conversion of the property; and where there is testimony, *pro* and *con*, upon the point of the plaintiff's consent, it is erroneous for the court to charge the jury "that, if they find that the defendant took and carried away the property mentioned in the complaint, and converted it to his own use, they must find for the plaintiff, without regard to any agreement or understanding had between the parties concerning the taking of the property by the defendant."

Action for the conversion of certain cigars, which the plaintiff alleged were included in a sale to him, by defendant, of personal property in a hotel at Hastings, but which the defendant, after the sale to plaintiff, returned to the person from whom he had himself bought them. At the trial in the district court for Dakota county, before *Crosby*, J., the plaintiff had a verdict, upon which judgment was entered, a motion for a new trial having been denied. The defendant appeals from the judgment and from the order refusing a new trial. The exceptions are stated in the opinion.

*Clagett & Searles*, for appellant.

*T. R. Huddleston*, for respondent.

McMILLAN, C. J. There was evidence tending to show that, subsequent to the execution of the bill of sale, and the delivery of the property described therein, the plaintiff recognized the defendant's ownership of the cigars in controversy, and that the defendant, with the knowledge and consent of the plaintiff, returned the cigars, as unsuitable, to the person from whom he had purchased them, not having previously paid for any portion of them. The plaintiff's testimony tended to show a different state of facts. The court charged the jury, "that, if they find from the evidence, that the defendant took and carried away the cigars in the plaintiff's complaint mentioned, and converted them

to his own use, then they must find for the plaintiff, and assess his damages at such an amount as they find he has sustained thereby, without regard to any agreement or understanding had between the parties, concerning the taking of the cigars away by the defendant." To this instruction the defendant excepted.

The action brought by the plaintiff is for the wrongful taking and conversion of his property by the defendant. If the taking and conversion was with the knowledge and consent of the plaintiff, it was not wrongful; and, whatever may be the liability of the defendant, it cannot be in tort, nor can it be enforced under this complaint.

The jury might have been satisfied from the evidence that the taking of the cigars by the defendant was not wrongful, but with the consent of the plaintiff, given at the time they were returned, and subsequent to the execution of the bill of sale; yet, under the instruction given to them by the court, they were required to disregard that fact, and find for the plaintiff. This was erroneous, and requires us to grant a new trial.

Judgment reversed and a new trial ordered.