JOHN W. BICKFORD *vs.* JOHN B. JOHNSON and another.

December 1, 1886.

**Chattel Mortgage without Consideration and to Defraud Creditors—Foreclosure—Rights of Mortgagor.**—A mortgagee is not entitled to enforce a mortgage given without consideration, and to defraud creditors; and where a mortgagee of chattels attempts, against the will of the mortgagor, to foreclose a mortgage so given, and to apply the property in satisfaction thereof, the mortgagor may, upon the issue of the right of the mortgagee to proceed with such foreclosure, show, in opposition thereto, the real nature of the transaction, and such want of consideration.

The plaintiff brought this action in the district court for Douglas county, to recover the possession of certain personal property of the value of $300, alleged to have been wrongfully and unlawfully taken from the possession of the plaintiff by the defendants. The answer admits and justifies the taking of the property, under and by virtue

of five chattel mortgages executed by the plaintiff and covering the property in question. The reply admits the making of the mortgages, but alleges that two are paid, that two are usurious and void, and that the last (for $1,100) was executed and delivered without any consideration whatever. The reply also set up as a defence, as to the barn of the plaintiff, (which was included in the chattel mortgages,) that it was a fixture and a part of the plaintiff's homestead, and that the plaintiff's wife did not join in the mortgages.

The action was tried before *Baxter*, J., and a jury, who returned a general verdict that the plaintiff is "the owner and entitled to the possession of the personal property described in the complaint," and "that said property is of the value of $300." The jury also answered special questions as follows: "Was the $1,100 note and mortgage, executed by the plaintiff to defendant Johnson, so executed in settlement of the other notes and mortgages described in the answer?" Answer, "No." "Was the $1,100 note and mortgage executed by the plaintiff to defendant Johnson without consideration, and only for the purpose of shielding plaintiff's property from his creditors?" Answer, "Yes." Defendants appeal from an order refusing a new trial.

*H. Jenkins*, for appellants.

The jury having found the fact that the $1,100 mortgage was given by plaintiff to hinder, delay, and defraud his creditors, their general verdict was contrary to law.

*Nelson, Reynolds & Treat*, for respondent.

VANDERBURGH, J. The property in controversy is included in the chattel mortgages described in the answer. Several of these mortgages the plaintiff alleges to have been paid, others to be usurious, and one, for $1,100, to have been given without any consideration. The evidence in his behalf on the trial tended to prove these allegations; and the jury find generally in his favor, and also specially "that the $1,100 note and mortgage was executed by the plaintiff to the defendant without consideration, and only for the purpose of shielding plaintiff's property from his creditors."

Plaintiff's barn, situated upon the homestead lot upon which he resided with his family, was, with other property, described in and covered by two of the mortgages above referred to. In these mort-

gages plaintiff's wife did not join, and the court charged the jury that the mortgages were invalid for that reason as respects the barn, because the same was a fixture and a part of the homestead. This instruction is assigned as error; but under the finding of the jury it is not material to consider this question here.

One of the mortgages is alleged to be usurious, and the jury must have so found; for it contained other personal property, as to which the charge of usury was the only issue, and the verdict necessarily determined the question as to the usurious character of the mortgage in plaintiff's favor. The other of these two mortgages is the $1,100 mortgage mentioned in the special finding as having been given without any consideration, and the validity of which is disputed by the plaintiff on that ground. It is, however, insisted by the defendants that the special finding is inconsistent with the general verdict for the plaintiff, for the reason that the mortgage was made with the intent to defraud plaintiff's creditors, and the court should not, therefore, give effect to the plaintiff's objection or defence to the mortgage for want of consideration, since courts will not lend their aid to parties in such cases. But the defendant overlooks the distinction between executed and executory contracts. A mortgagee is not entitled to enforce a mortgage given without consideration, and to defraud creditors, but the mortgagor may resist its foreclosure or enforcement on such grounds; and if the mortgagee, as in this case, justifies the seizure by him of personal property by virtue of a mortgage thereon, the mortgagor may defend against it, and show the real nature of the transaction, and that it was given without consideration.

The defendants took this property, as the evidence tends to prove, against the will and consent of the plaintiff, under the mortgages in question, for the purpose of foreclosure, and the issue is in respect to his right to so foreclose the same. The special finding is not, therefore, inconsistent with the general verdict, which must be permitted to stand.

This substantially disposes of the merits of the appeal, and the order denying a new trial is accordingly affirmed.