39  419
71  144

GEORGE M. TOUSLEY *vs.* BOARD OF EDUCATION OF THE BOROUGH OF LE SUEUR.

November 20, 1888.

Conversion with Plaintiff's Consent.—An action for conversion will not lie when the taking and conversion of the property is with the knowledge and consent of the plaintiff.

Estoppel in Pais.—Where one, by his words or wilful conduct or by negligence, causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is estopped from denying the existence of that state of facts.

Action for conversion of 16 cords of green maple wood of the value of $64. Appeal by defendant from an order of the district court for Le Sueur county, *Edson*, J., presiding, refusing a new trial.

*Cadwell & Parker*, for appellant.

*Thomas Hessian* and *E. B. Preble*, for respondent.

COLLINS, J. If the taking and conversion of the property mentioned in the complaint herein was with the knowledge and consent of plaintiff, it was not wrongful, nor can he recover its value in this form of action, if at all. *Freeman* v. *Etter*, 21 Minn. 2. While plaintiff was a member of defendant board, it entered into a contract with one Miller, whereby he was to furnish for its use, at an agreed price per cord, a small quantity of wood, to be delivered at a designated point near the school-house. Several cords having been hauled to the place by Miller and the plaintiff's son, and measured by a member of the board, plaintiff, at a meeting of said board, presented for Miller a bill for such wood at the contract price. This bill (less the value of that which the board claimed the wood fell short in measure-

ment) was allowed to Miller at a subsequent meeting, at which plaintiff was present and participating. Thereafter defendant used the wood. The testimony indicates that when plaintiff presented Miller's bill for the wood, and when the same was audited and allowed by the board, he knew that the wood therein mentioned was that for which he now attempts to recover. It does not clearly appear that he then, or at any time prior to the allowance of Miller's bill, made any claim to the ownership he now asserts. For this reason the court erred in charging, in effect, that plaintiff was entitled to recover its value, if the jury found the wood to have been his property. If by his words or wilful conduct, or by his negligence, plaintiff caused the defendant board to believe that the wood belonged to Miller, or had been delivered by him upon his contract, and thus induced it to act upon and allow the bill, he is now estopped from denying it. He must not now be allowed to assert title to property which he permitted another to dispose of under such circumstances. *Califf* v. *Hillhouse*, 3 Minn. 217, (311.) See, also, 2 Smith, Lead. Cas. 868.

Order reversed.