JOHN DEVLIN and Wife *vs.* C. E. QUIGG, impleaded, etc.

November 26, 1890.

**Mortgage to Defraud Creditors—Action by Mortgagor to Enjoin Foreclosure.**—The mortgagor can maintain an action to enjoin the foreclosure of a mortgage on the ground that it was without consideration, notwithstanding that it was executed for the purpose of hindering and delaying his creditors.

**Findings—Evidence.**—Evidence *held* sufficient to justify the findings.

Appeal by defendant *Quigg* (assignee of the mortgage) from a judgment of the district court for Cottonwood county, where the action was tried by *Perkins*, J.

*Geo. B. Edgerton* and *Geo. W. Wilson,* for appellant.

*J. G. Redding* and *Lorin Cray,* for respondents.

MITCHELL, J.   This was an action to enjoin the foreclosure of a mortgage under a power, on the ground that it was without consideration, and was not executed to secure the payment of any indebtedness.   The court found as facts that "the mortgage was not executed to evidence, provide for, or secure the payment of any indebtedness to the mortgagee or any other person on part of the plaintiffs, or either of them, or any one else; that it was executed without consideration, and for the sole purpose of creating an apparent indebtedness and cloud upon the premises to hinder and delay creditors." To rebut the solemn admissions of the plaintiffs contained in the mortgage, the evidence should be strong and convincing, especially

as the mortgagee was dead. It is not as clear and satisfactory as might be desired, and, so far as we can judge from a cold record, we might have hesitated to arrive at the same conclusion which the learned trial judge reached. But if he believed the testimony of the plaintiffs and their witnesses,—and their credibility was for him to determine,—it was sufficient to justify the findings, and we cannot disturb them. Defendant, however, invokes the familiar maxims "that he who comes into equity must do so with clean hands," and that "a party cannot be heard to set up his own fraud as a ground for relief." But these maxims are not applicable here. A conveyance or transfer in fraud of creditors is not regarded as *turpis causa*, which renders all contracts void. It is merely voidable only in favor of the defrauded creditors, leaving it in all other respects, and as between the parties, valid; the fraud, if there be one, being strictly a private fraud, which is available only to those injured by it. *Livingston* v. *Ives*, 35 Minn. 55, (27 N. W. Rep. 74.) Hence, if this mortgage had been given to secure an actual indebtedness, the fact that it was also given and taken for the purpose of defrauding the creditors of the mortgagor would constitute no defence to an action to foreclose, or any ground for enjoining a foreclosure under a power. The plaintiffs doubtless could not set up their own fraud as a substantive cause of action to recover back property actually conveyed for the purpose of defrauding their creditors. But here the defendant is the actor. He is proceeding to enforce the mortgage, which the plaintiffs are seeking to prevent, not on the ground that it was executed to defraud creditors, but that it was without consideration, and does not in fact secure any indebtedness. If the defendant had proceeded to foreclose by action, there can be no doubt that this would have been available as a defence, and could not have been rebutted or overcome by showing that the mortgage was executed to defraud creditors. *Wearse* v. *Peirce*, 24 Pick. 141; *Hannan* v. *Hannan*, 123 Mass. 441; *Briggs* v. *Langford*, 107 N. Y. 680, (14 N. E. Rep. 502;) *Sackner* v. *Sackner*, 39 Mich. 39. But it can make no difference that the defendant is proceeding under the power of sale, and therefore the plaintiffs put to a suit to enjoin. The maxim, *in pari delicto*, etc., is not applicable. The plaintiffs are not seeking to re-

cover back property which they have already conveyed, but to prevent defendant from enforcing the mortgage; and this they do, not on the ground that it was executed to defraud creditors, but that it was executed without consideration, and that "there was no debt to secure." This is a good defence to the mortgage independently of the fraudulent purpose for which it may have been executed, and one that may be shown, notwithstanding that the mortgage is under seal.

Judgment affirmed.

NOTE. A motion for a reargument of this case was denied December 9, 1890.