JENNIE ANDERSON v. NUB S. LEE and Another.

July 18, 1898.

Nos. 11,168—(247).

**Foreclosure of Mortgage—Defense of No Debt—Seal—Consideration.**
It is competent, in defense of an action or proceeding to foreclose a mortgage, or in an action to restrain such foreclosure, and to have the apparent lien of the mortgage canceled, to show that there is nothing due on the mortgage (although it is under seal), because there was no consideration for the note or obligation it purports to secure.

**Declarations of Mortgagee—Want of Consideration.**
The admissions of a mortgagee to the effect that there was no consideration for the mortgage, made while he was the owner thereof, are admissible against his assignee.

**Findings Sustained by Evidence.**
Evidence *held* to support the findings of the trial court.

Action in the district court for Hennepin county by plaintiff, as administratrix of the estate of Martin A. Anderson, deceased, against Nub S. Lee and August Pritzlaff to enjoin the foreclosure of a real-estate mortgage. The cause was tried before McGee, J., without a jury, and judgment was ordered in favor of plaintiff. From an order denying the motion of defendant Pritzlaff for a new trial, he appealed. Affirmed.

*A. C. Middelstadt,* for appellant.

A seal always imports a consideration, and no sealed instrument can be set aside for want of consideration, except for fraud or illegality. McMillan v. Ames, 33 Minn. 257; Erickson v. Brandt,

53 Minn. 10; Talbert v. Storum, 66 Hun, 635; Calkins v. Long, 22 Barb. 97; Farnum v. Burnett, 21 N. J. Eq. 87; Brown v. Brown, 44 S. C. 378; Wester v. Bailey, 118 N. C. 193; Carter v. King, 11 Rich. (Law) 125; Aller v. Aller, 40 N. J. L. 446; Burkholder v. Plank, 69 Pa. St. 225. Defendant Pritzlaff purchased the promissory note in good faith and for a valuable consideration, more than two years before its maturity, and he was fully protected. The court had no power whatever to order the note to be canceled and surrendered to plaintiff. An indorsee of negotiable paper, taken before maturity and without notice of fraud or other defenses between parties, is protected. Rosemond v. Graham, 54 Minn. 323; First Nat. Bank v. Compo-Board Mnfg. Co., 61 Minn. 274; Gale v. Birmingham, 64 Minn. 555.

*Robert Christensen,* for respondent.

The common-law rule as to consideration imported by instruments under seal has been abrogated in this state, so far as mortgages are concerned. Hostetter v. Alexander, 22 Minn. 559; Devlin v. Quigg, 44 Minn. 534; Moffett v. Parker, 71 Minn. 139. The fact that there was default in the payment of interest on the note when Pritzlaff purchased it precludes the defense of bona fide purchaser before maturity. First Nat. Bank v. Co. Commrs., 14 Minn. 59 (77); Stein v. Rheinstrom, 47 Minn. 476. As to the mortgage, the pretended assignee stands in no better relation than would the original assignor; for, as to the mortgage, that is only a chose in action, and not protected by the law merchant, even if the assignee was an innocent purchaser, to which there can be made no claim successfully in this case. Johnson v. Carpenter, 7 Minn. 120 (176); Hostetter v. Alexander, supra; Redin v. Branhan, 43 Minn. 283; Devlin v. Quigg, supra; Moffett v. Parker, supra.

START, C. J.

Briefly stated, the material facts found by the trial court in this case are these: On February 11, 1893, Martin A. Anderson and the plaintiff were, and for a long time prior thereto had been, husband and wife, and on that day they executed a mortgage on a lot owned by Martin A. Anderson to the defendant Lee, purporting to secure a note for $2,000 made by the husband, payable to Lee

or order, due in five years, with interest payable annually. The note and mortgage were delivered, and the latter was duly recorded. The note and mortgage were so executed and delivered to Lee without any consideration whatever. Martin A. Anderson died intestate on March 10, 1894, and his widow, the plaintiff, is the administratrix of his estate. On September 11, 1896, the mortgagee, Lee, indorsed the note and assigned the mortgage to the defendant Pritzlaff, and the assignment was duly recorded October 8, 1896. No interest had been paid on the note and mortgage when they were so transferred, which fact the assignee, the defendant Pritzlaff, then knew, and on October 12, 1896, he commenced proceedings to foreclose the mortgage by advertisement for default in the payment of interest. Thereupon this action was promptly commenced to restrain the foreclosure, and to have the note and mortgage canceled. Pending this action, and on January 18, 1897, and pursuant to such foreclosure proceedings, the mortgaged premises were sold to the defendant Pritzlaff, and the sheriff executed to him the usual certificate of sale on mortgage foreclosure sale, which was duly recorded. As a conclusion of law, the trial court found that the defendant was not a bona fide holder of the note, and that it, the mortgage, the foreclosure proceedings and the certificate of sale, and each of them, were void, and ordered judgment canceling them and the records thereof. The defendant Pritzlaff appealed from an order denying his motion for a new trial.

1. The appellant claims that the trial court erred in receiving evidence to show that the note and mortgage were given without any consideration therefor, for the reason that, the mortgage being under seal, it conclusively imports a consideration. The mortgage was but an incident to the debt, as evidenced by the note it purported to secure. The note was not under seal. If there was no consideration for the note, there was no debt, and the mortgage was not in fact a lien on the mortgaged premises, and, when an attempt was made to foreclose the mortgage and sell the premises to pay the supposed lien, it was entirely competent for the mortgagor to show that there was nothing due upon the mortgage because there was no consideration for the note, and to have the foreclosure restrained, and the apparent lien of the mortgage can-

celed as a cloud upon the title. It is always competent, in defense of an action or proceeding to foreclose a mortgage, or in an action to restrain such foreclosure and to have the apparent lien of the mortgage canceled, to show that there is nothing due on the mortgage because there was no consideration for the note or obligation it purports to secure. Devlin v. Quigg, 44 Minn. 534, 47 N. W. 258; Wearse v. Peirce, 24 Pick. 141; 1 Jones, Mort. § 613.

2. It is also claimed that the appellant is a bona fide purchaser of the note in good faith, for a valuable consideration; hence the court had no power to direct its cancellation and the record of the mortgage securing its payment. The trial court found otherwise, and the evidence amply sustains the finding.

3. Again, it is contended that the mortgage was given to defraud the creditors of the mortgagor, and that the respondent is estopped from asserting the nonexistence of the apparent debt secured by the mortgage as against the appellant. The case of Moffett v. Parker, 71 Minn. 139, 73 N. W. 850, is cited in support of the proposition. But in that case the purchaser affirmatively proved that the purchase was made in good faith, without notice, for a valuable consideration, and in reliance upon the representation of the mortgagors, by the mortgage and the record thereof, that it was a valid lien to secure an honest debt. If the appellant acquired the mortgage under circumstances which would estop the mortgagor from showing that it in fact secured nothing because there was no consideration for the debt it purported to secure, the burden was upon him to establish this, and to show himself to be a bona fide purchaser for value without notice. Newton v. Newton, 46 Minn. 33, 48 N. W. 450. This he wholly failed to do. There was no evidence in the case that he paid a penny for the mortgage except as recited in the assignment thereof,—an instrument to which the plaintiff was not a party,—or that he did not know when he acquired the mortgage that it was given without consideration, and was transferred to him to defraud the mortgagors, or that he parted with a dollar in reliance upon the apparent debt secured by the mortgage. Neither he nor Lee, the mortgagee, was examined as a witness on the trial, nor was their absence accounted for.

4. The trial court did not err in receiving the evidence of the

admissions of the mortgagee, Lee, to the effect that the mortgage was executed without consideration, or in refusing to strike out such evidence, for the statements were made by the mortgagee before he parted with the mortgage, and while he was the owner and in possession thereof. The mortgage was not a negotiable instrument, and the assignee's title thereto was identical with that of his assignor. Therefore the assignor's declarations were within the rule that admissions of the owner of a chattel, made while he is such, in disparagement of his title, are admissible against his assignee, if there is identity of interest. Nickerson v. Wells-Stone Merc. Co., 71 Minn. 230, 73 N. W. 959; 1 Greenleaf, Ev. § 190; 2 Taylor, Ev. §§ 790–793.

5. The evidence sustains the findings of the trial court.

The remaining assignments of error have been considered, and found to be without sufficient merit to justify any discussion of them.

Order affirmed.