## LUDWIG CARLSON v. ANDREW SCHOCH AND ANOTHER.[1]

December 20, 1918.

No. 20,990.

**Trover and conversion — evidence.**

1. The plaintiff, a mortgagor, sued Andrew Schoch and the Schoch Grocery Company for the conversion of the property mortgaged. No cause of action was proved against Schoch. The evidence sustains a finding of conversion by the company.

**Same — charge to jury.**

2. Conversion does not lie when the taking is with the knowledge and consent of the owner; and this principle was sufficiently stated in the general charge.

**Same — measure of damages when conversion is by mortgagee.**

3. In a suit by the owner the usual measure of damages for conversion is the value at the time of taking, with interest; but when the conversion is by the mortgagee of the property the measure is the difference between the value at the time of the taking and the mortgage lien, with interest.

**Same — charge to jury.**

4. When the case was submitted to the jury the parties adopted the view that the grocery company was in fact the mortgagee of the property alleged to have been converted. This made applicable the measure of damages last stated. In view of the facts stated in the opinion the court did not err in charging that the measure was the value at the time of the taking, with interest, and applying on the value found the amount found due on the mortgage lien after the foreclosure mentioned in the opinion; and leave is given the company to ask for a like application of an undisputed amount due on the mortgage lien at the time of the foreclosure but before sale.

Action in the district court for Ramsey county to recover $1,217 for

1Reported in 170 N. W. 195.

conversion. The facts are stated in the opinion. The case was tried before Brill, J., and a jury which returned a verdict in favor of Andrew Schoch for $298.24 and against the Andrew Schoch Grocery Company for $712.50. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Harold Harris,* for appellants.

*Hurley & Hurley,* for respondent.

DIBELL, J.

Action in conversion. There was a verdict for the plaintiff against the defendant Schoch Grocery Company and it appeals from the order denying its motion for a new trial.

1. This was an action against Andrew Schoch and the Schoch Grocery Company for the conversion of personal property, consisting of horses and equipment. The defendants answered separately.

The defendant Schoch denied the conversion and counterclaimed upon certain notes secured by two chattel mortgages upon the property alleged to have been converted. The first of these was foreclosed after the alleged conversion but before the trial and title was acquired by Schoch at the foreclosure.

The defendant company denied the conversion. It claimed that it kept and cared for the property under an agreement with the plaintiff by which it was to have compensation; that it had a statutory lien therefor; that it foreclosed and obtained title; and it counterclaimed for the amount alleged to be due after the foreclosure of its lien.

At the close of the trial it was conceded that a cause of action was not proved against Schoch. It was also conceded that the plaintiff was owing Schoch upon the indebtedness secured by the two mortgages; and a verdict was directed in his favor on his counterclaim, the amount of it being left to the jury, and a verdict for $298.24 was returned. No complaint is made of this verdict.

The cause of action against the company was submitted to the jury and a verdict for $712.50 was found. This verdict represented the value of the converted property at the time of conversion, with interest, and negatived the company's claim of a keeper's lien and of a balance due after its foreclosure. The company claims that the finding of a

conversion is not sustained. Our view is that the evidence made a question for the jury. A review of it would not be profitable.

2. The court refused an instruction requested by the company to the effect that an action for conversion does not lie when the taking is with the knowledge and consent of the owner. The requested instruction embodied a correct statement of the law. Tousley v. Board of Education, 39 Minn. 419, 40 N. W. 509; Griffin v. Bristle, 39 Minn. 456, 40 N. W. 523.

A contested question was whether the property was taken under an agreement with the plaintiff and therefore with his knowledge and consent. The court in its charge put the issue to the jury clearly, and sufficiently stated the principle of law embodied in the defendant's requested instruction. There was no error in refusing to charge in the words of the request.

3. The usual measure of damages for conversion is the value at the time of the taking, with interest. 1 Dunnell, Minn. Dig. § 1955, and cases cited. In an action by the mortgagor against the mortgagee for conversion of the mortgaged property the measure is the value at the time of the taking, less the amount of the mortgage lien, with interest. Cushing v. Seymour, Sabin & Co. 30 Minn. 301, 15 N. W. 249; Torp v. Gulseth, 37 Minn. 135, 33 N. W. 550; Deal v. D. M. Osborne & Co. 42 Minn. 102, 43 N. W. 835; Berg v. Olson, 88 Minn. 392, 93 N. W. 309; Bowers, Conversion, § 682; 2 Sedgwick, Damages, § 497e; Jones, Chattel Mortgages, § 449a; 28 Am. & Eng. Enc. (2d ed.) 730.

4. If the grocery company was the mortgagee the measure just stated was the applicable one. It did not appear by the pleadings that the company was interested in the mortgages. It claimed under its keeper's lien. The evidence indicated that it was the real party in interest and that Schoch held for it. The court charged that the measure of plaintiff's damages was the value of the property at the time of its conversion, with interest. The accuracy of the charge is to be tested by what occurred when the case was submitted.

In view of the fact that the company was the real mortgagee in both mortgages, and with the purpose of determining the rights of all the parties, the trial court, as the case was about to go to the jury, suggested that Schoch would necessarily hold the amount recovered on his

counterclaim for the benefit of the company and that the practical thing to do was to have the jury deduct such amount from the amount allowed the plaintiff against the company for the conversion, if a conversion were found. An extended colloquy then took place between the court and counsel. It is not shown in the paper book but it is a part of the settled case and it is quoted in the respondent's brief. It is entirely clear from what occurred that the court and the parties had in mind that the company should be treated as the real mortgagee in both mortgages and that the rights of the parties should be worked out on such basis. This meant that the measure of damages was the value of the property at the time of the taking, less the mortgage lien. The parties agreed that upon the verdict which should be returned against the company for the conversion, if a conversion were found, there should be applied by the court the verdict directed in favor of Schoch and against the plaintiff, the amount of which was for the jury. This verdict would represent the amount due on the second mortgage and a balance of $4.28 due on the first mortgage, after its foreclosure on July 2, 1917, with interest to the date of the verdict. If this verdict would represent the whole mortgage indebtedness at the time of the conversion, with interest to its date, the arrangement made would have resulted in a substantially correct application of the proper measure in an action by the mortgagor against his mortgagee. The parties overlooked that by the sale under the first mortgage there was applied the sum of $232.40, leaving a balance of $4.28 which was to go into the verdict against the plaintiff. This amount of $232.40 is not in dispute and it ought just as much to be applied upon the $712.50 verdict as ought the verdict against the plaintiff in favor of Schoch, if the company is treated as the mortgagee and if the rights of the parties are to be completely worked out in this action, and the appropriate measure of damages given effect; and this is just what the parties and the court intended. Counsel for the company did not clearly call attention to the matter when the agreement as to the submission was made and he has not asked relief since.

The case is affirmed with leave to the company to move the court for an order applying the sum of $232.40, with interest from July 2, 1917, along with the verdict of $298.24, upon the verdict of $712.50. When this is done the result will be substantially the same as if the value had

been found at the date of conversion, the mortgage lien deducted, and interest computed on the balance.

Order affirmed.