## ALEX NOVAK v. SAMUEL BREITMAN.[1]

April 17, 1931.

No. 28,455.

*Henry H. Bank,* for appellant.
*William F. Friedman,* for respondent.

[1]Reported in 236 N. W. 221.

STONE, J.

In this action for the conversion of an automobile plaintiff had a verdict. Defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial. (The trial was had before Fosseen, J. The motion was passed upon by his successor, Youngdahl, J.)

The car was sold to plaintiff by defendant on a conditional sales contract May 7, 1929. The purchase price was $544.40, of which $125 was paid in cash. The balance of $419.40 was payable in fortnightly instalments of $15. Defendant repossessed the automobile May 14, 1930, when $149.40 of the purchase price remained unpaid. The principal issue was whether defendant's repossession took place within the period of an extension he had granted plaintiff and so was a conversion. That theory prevailed with the jury. Plaintiff's testimonial valuation of the car is $375. The verdict, fixing its value at $300, obviously made no allowance to defendant for the unpaid purchase price. Although counsel for defendant seems to have attempted to bring the item to the attention of the court at the close of the charge, he was told that it had "nothing to do with the case." That was wrong. The rule is that upon the conversion of the property by the mortgagee in a chattel mortgage, or the seller under a conditional sales contract, all the mortgagee or vendee is entitled to recover by way of damage is the value of his interest in the property. That can be no more than the difference between the value of the property at the time of the conversion and the amount of the debt secured thereon. 1 Dunnell, Minn. Dig. (2 ed.) § 1474; Carlson v. Schoch, 141 Minn. 236, 170 N. W. 195. See also Wright v. Dwight, 209 Mich. 678, 177 N. W. 209.

Plaintiff elected, as was his right, to treat defendant's breach as putting an end to the contract. But that does not alter the measure of the resulting damage. That remains as above stated. Were the unpaid debt to be disregarded (as it was by the charge in this case) the successful plaintiff would get that much in addition to his actual damage, and pro tanto have the benefit of a plain miscarriage of justice.

The refusal of a correct instruction on the measure of damage was prejudicial error. However a new trial will not be necessary if plaintiff will consent to a reduction of the verdict by subtracting therefrom the amount of the unpaid indebtedness, $149.40. So the case will be remanded, but for a new trial only in the event that plaintiff does not, within 15 days after the going down of the remittitur, serve on counsel and file his consent to a reduction of the verdict to $150.60.

So ordered.