## CLARENCE F. INGALLS v. FIRST NATIONAL BANK OF LAKEVILLE.
### SAME v. B. E. ENGGREN.[1]

April 18, 1935.

Nos. 30,262, 30,263.

[1]Reported in 260 N. W. 302.

*Henry Marks,* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll,* for respondent First National Bank of Lakeville.

*H. E. Stassen* and *Elmer J. Ryan,* for respondent B. E. Enggren.

LORING, JUSTICE.

These are actions in conversion by a trustee in bankruptcy to recover the value of certain cattle sold under a chattel mortgage foreclosure sale. Defendants had judgments.

A. Milton Setter and Gladys E. Setter on January 5, 1931, mortgaged 51 head of cattle to the First National Bank of Lakeville to secure their note for $1,200. December 1, 1931, the Setters, to secure another note for $228.97 payable to B. E. Enggren, mortgaged 20 head of cattle to Enggren. Both mortgages were properly filed. May 6, 1932, both Setters filed petitions in bankruptcy in the district court of the United States and were adjudicated bankrupts May 26, 1932. Neither the bank nor Enggren filed a claim with the trustee, but subsequent to the adjudication each began foreclosure proceedings, and pursuant thereto the mortgaged cattle were bid in and later were sold at auction. In neither foreclosure proceeding was leave obtained from the bankruptcy court to foreclose. The trustee, after the foreclosure sale, commenced these actions against the bank and Enggren, claiming title to the mortgaged cattle by virtue of his being the trustee in bankruptcy of the Setters' estates and setting up that they were converted by defendants. He claims that the foreclosure without leave was a conversion and also that it was defective under state law. The cases were tried together to the court without a jury, and the court found that the value of the cattle was less than the undisputed

liens of defendants. It ordered judgment for defendants accordingly.

The plaintiff contends that the state court could not pass upon the validity or amount of the lien and that it must find for plaintiff to the extent of the value of the cattle without deduction for the liens. We do not think so. Our rule is that the amount of the lien shall be deducted and that when it exceeds the value of the property converted there can be no recovery. McLeod-Nash Motors, Inc. v. Commercial Credit Trust, 187 Minn. 452, 246 N. W. 17, 87 A. L. R. 296; Novak v. Breitman, 183 Minn. 254, 236 N. W. 221; 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1474. The validity of the liens must be conceded here. We see no reason why the rule should be different where the trustee subjects his interests to the jurisdiction of the state court. He must take our rule of damages as he finds it. He cannot come here and invoke our jurisdiction merely for a partial determination of the rights of the parties. He sued in conversion and can recover only the value of his interest in the lost property according to our rules. He held the same title that the bankrupt had. The defendants held the legal title to secure their debt. They should have asked leave of the bankruptcy court to foreclose. Plaintiff might, perhaps, have prevented the foreclosure. But those questions are not here. No conflict of jurisdiction is presented as we view the case.

Judgments affirmed.