ANNA TURPIN v. JOSEPH HAYEK.[1]

April 27, 1945.

No. 33,992.

Parker & Parker, for appellant.
Henry L. Soderquist, for respondent.

PETERSON, JUSTICE.

This action was brought to cancel a satisfaction of a mortgage and to reinstate the lien of the mortgage. The answer admits the execution of the mortgage and alleges that it was not delivered and that there was no consideration for it. A counterclaim was interposed for judgment declaring the mortgage void and of no legal force or effect. Findings were made in favor of defendant that there was no delivery of the mortgage and no consideration for it, and judgment was ordered that the satisfaction of the mortgage and the record thereof were of no force or effect. The appeal brings before us the order denying plaintiff's motion for a new trial.

A consideration is essential to the validity of a mortgage. Anderson v. Lee, 73 Minn. 397, 76 N. W. 24. Consequently, if a consideration for the mortgage is lacking, the decision below must be affirmed. Decision here upon the single ground that the finding that there was no consideration for the mortgage is sustained by the evidence is not to be taken as an intimation that we have any

[1]Reported in 18 N. W. (2d) 592.

doubt as to the sufficiency of the evidence to sustain the finding that there was no delivery.

The execution and satisfaction of the mortgage are not disputed. On October 2, 1937, defendant executed a mortgage to plaintiff on his farm in Isanti county in the sum of $2,500, which he filed for record on January 22, 1938. There was no loan by plaintiff to defendant. No promissory note was given as evidence of any alleged mortgage debt. On April 10, 1941, defendant had his housekeeper, Mrs. Ruth Olson, execute and acknowledge in plaintiff's name a satisfaction of the mortgage, which he also filed for record. Likewise, it is undisputed that after difficulties arose between the parties plaintiff insisted that she was entitled to the farm itself.

Whether there was a consideration for the mortgage is a disputed fact. Plaintiff had performed some services for defendant consisting of some housework on week ends, washing, ironing, and looking after his insurance and some property. The value of the services was not shown. It was a trifling amount as compared with that of the mortgage. It is argued that, while the amount due for services would be an inadequate consideration, it is nevertheless a sufficient one. In addition, plaintiff claims that defendant is indebted to her for money advanced to acquire some property on a tax title. She testified in effect that defendant told her shortly after he recorded the mortgage that he gave her the mortgage to "compensate" her for what he "owed" her.

According to defendant's version, he was not indebted to plaintiff either for services or otherwise. He testified that she rendered some slight gratuitous services in cleaning his house on Saturdays; that she also did the washing and ironing gratuitously because he had given her a washing machine; that she had invested about $400 in acquiring the tax title to some property in Minneapolis formerly owned by him, concerning which the parties had litigation pending at the time of trial; that he was not indebted to her; and that, because there was no debt owing by him to her, the mortgage was not executed to secure the payment of any debt. On the contrary,

he claimed that the purpose of the mortgage was to "secure" the property to himself and to "protect" himself in view of certain threatened litigation. He did not tell plaintiff about the mortgage until after it was put on record. When he explained the purpose to her, she said that it was all right and that "you [defendant] are protected."

We think the evidence sustains the finding that the mortgage was given without a consideration. In view of the fact that plaintiff made no loan to defendant at the time, the trial judge might well have considered that the weight of the evidence was in favor of defendant, because of the lack of correspondence between the amount of the mortgage and that of any indebtedness plaintiff claimed defendant owed her, and because of plaintiff's conduct inconsistent with the existence of a valid mortgage in asserting a claim to the farm itself instead of a mortgage on it. The fact that defendant intended to hinder and defraud his creditors, if any, does not bar him from asserting that the mortgage was without consideration, because he was not attempting to enforce the mortgage but to avoid its being given any legal force or effect. Devlin v. Quigg, 44 Minn. 534, 47 N. W. 258, 10 L. R. A. 665, 20 A. S. R. 592.

Affirmed.