John H. Richards, Appellant, *v.* Samuel H. Day, as Executor, etc., Respondent.

A party who writes his name upon a blank piece of paper does not, except in a case where the doctrine of estoppel applies, become bound to an obligation thereafter written thereon, unless it can be shown that he gave the person who wrote it authority so to do.

Plaintiff signed his name to a blank bond in which was subsequently written a condition obligating him to pay defendant's testator absolutely certain sums of money. The bond was set up as a counterclaim in this action. Plaintiff replied denying "that he sealed, executed and delivered the bond as set forth in the counterclaim." Plaintiff was allowed to prove that he did not assent to or authorize the condition as written into the bond, but that by the agreement of the parties the payments were to be conditional, and it was directed to be so written into the bond. *Held*, no error; that upon its appearing that the bond was not filled up when it was signed, it was necessary for defendant to show that plaintiff authorized it to be filled up as it was; that under the issue presented by the pleadings, plaintiff was entitled to show what the agreement in fact was, as the action was between one of the original parties and the representative of the other, and so there was no estoppel, and as, so far as the bond departed from the agreement, it was not the bond of plaintiff; also that it was not necessary for plaintiff to ask to have the bond reformed.

(Argued January 26, 1893 ; decided February 7, 1893.)

Appeal from order of the General Term of the Supreme Court in the fifth judicial department, made March 29, 1892, which reversed so much of a judgment, entered upon a decision of the court on trial at Circuit, as dismissed defendant's counterclaim and directed judgment thereon in favor of plaintiff, and granted a new trial.

This action was brought to recover for services rendered and for money paid for the defendant's testatrix, Elizabeth Davis.

The defendant put in issue the allegations of the complaint and set up as a counterclaim that the plaintiff and his wife executed to Mrs. Davis their joint and several bond in the penal sum of $3,500, conditioned to pay her the sum of $210 on the 6th day of April, 1881, and $175 " each year thereafter during the natural life of Elizabeth Davis," but no part of the principal to be paid, and that the interest falling due on April 6th in each of the years 1885, 1887, 1888 and 1889, had not been paid; and he demanded judgment against the plaintiff for these sums with interest.    The plaintiff replied to the counterclaim and among other defenses denied " that he sealed, executed and delivered the bond as set forth in the counterclaim."    Mrs. Davis died April 10, 1889, and plaintiff's wife died before the commencement of this action. At the close of the evidence the defendant's counsel asked the court to direct a verdict in his favor for the amount due on the bond, and that motion was denied.    Plaintiff's counsel then asked the court to direct a nonsuit in reference to the counterclaim, and that was granted.    Thereafter judgment was entered dismissing the plaintiff's complaint and dismissing the counterclaim    From so much of the judgment as dismissed his counterclaim the defendant appealed to the General Term, and there that portion of the judgment was reversed, and a new trial as to the counterclaim was granted.

Further facts are stated in the opinion.


*George F Yeomans* for appellant.    The evidence introduced to show that the alleged bond did not contain what it was agreed that it should contain was competent.    (*Chauncy* v. *Arnold,* 24 N. Y. 330; *D & H. R. R. Co* v. *Mabbitt,* 58 id. 397.)    The motion for the direction of a verdict in favor of the defendant, and for a nonsuit in favor of the plaintiff, leaves it to the court to determine the facts.    (*Dillon* v. *Cockcroft,* 90 N. Y. 649; *N. C. Bank* v. *Westcott,* 118 id. 468; *Sutter* v. *Vanderveer,* 122 id. 652.)    The admission of the deceased may be proved against her executor.    (*Van Sachs* v. *Kertz,* 72 N. Y 555, *Brown* v *Miller,* 12 id. 118.)

*Cassius C Davy* for respondent. Plaintiff became liable upon the bond by his signature to it although his name does not appear in the body of it. (*Ex parte Fulton,* 7 Cow. 484; *Perkins* v. *Goodman,* 21 Barb. 218; *Decker* v. *Judson,* 16 N. Y. 439; 1 Wait's Act. & Def. 676; *Smith* v. *Crooker,* 5 Mass. 538; *Fournier* v. *Cyr,* 64 Me. 35; *Blakely* v. *Blakely,* 2 Dana, 463; *Martin* v. *Dortch,* 1 Stew. [Ala.] 479; *Field* v. *Van Cott,* 15 Abb. Pr. [N. S.] 349; Code Civ. Pro. § 454; *Carman* v. *Plass,* 23 N. Y. 286.) Parol authority was sufficient to authorize Justice Willard to fill in the blanks in the printed form after it had been signed and sealed. (Mechem on Agency, 70; *Knapp* v. *Maltby,* 13 Wend. 587; *Drury* v. *Foster,* 2 Wall. 24; *C. Bank* v. *Kortright,* 22 Wend. 348; *Woolley* v *Constant,* 4 Johns. 54; *Ex parte Decker,* 6 Cow. 60; *Ex parte Kerwin,* 8 id. 118.) No equitable relief is asked for by the pleadings, nor has any fraud or mistake been alleged; and in the absence of such allegations no equitable relief can be granted. (*Gould* v. *C. N. Bank,* 86 N. Y. 83; *Goulet* v. *Asseler,* 22 id. 225; *Reubens* v. *Joel,* 13 id. 488, 493.) The plaintiff is estopped by his own negligence from questioning the bond. (2 Beach on Eq. Juris. § 1100; *Thomas* v. *Barton,* 48 N. Y. 193; *Glenn* v. *Statler,* 42 Iowa, 110.) The indorsement upon the bond, by plaintiff in his own handwriting, of the payment made by him upon it September 6, 1886, was such a ratification of it that it he cannot now deny knowledge of the contents of the bond. (*Breese* v. *U. S. T. Co.,* 48 N. Y. 132; *Dows* v. *Griswold,* 4 Hun, 550; *Cobb* v. *Hatfield,* 46 N. Y. 533.) Parol evidence was not admissible to contradict the bond. (*Marsh* v. *McNair,* 99 N. Y. 178; *Southwick* v. *F. N. Bank,* 84 id. 424.) The specific grounds upon which plaintiff moved for a nonsuit with reference to the counterclaim, should have been stated at the time of making the motion, in order that an opportunity might be given to obviate the alleged defect or defects. (*Binsse* v. *Wood,* 37 N. Y. 532; *Hubble* v. *Von Schoening,* 58 Barb 498; Baylies' Trial Pr. 226, 227; *Thayer* v. *Marsh,* 75 N. Y. 340.) An appeal from an order granting a new trial

is only obtainable when the sole question relates to, and will determine the merits, and cannot be obviated upon a second trial. (*Roberts* v. *Baumgarten*, 121 N. Y. 341; *Cobb* v. *Hatfield*, 46 id. 533.)

Earl, J. Neither party upon the trial asked to have the evidence as to the counterclaim submitted to the jury, and there is really no dispute about it. Mrs. Richards the wife of the plaintiff was the daughter of Mrs. Davis, the testatrix, and a paper now appearing as the bond set up in the counterclaim was signed by her and the plaintiff, in pursuance of a family arrangement by which Mrs. Davis distributed property among her children and agreed to take from them bonds to secure her support. The plaintiff and his wife and the testatrix went to a justice of the peace for the purpose of having a bond prepared and executed. It was agreed between them that the testatrix should have the interest on the amount of the bond if she needed it; that if she did not need it, it was not to be called for and that nothing should be due or payable upon the bond after her death; and that such an agreement should be inserted in the conditions of the bond. When the parties called upon the justice he was not prepared to write the bond, and he produced a blank bond and told the plaintiff and his wife to sign it and that he would subsequently fill it up according to the agreement which was stated to him in the presence of all the parties, and that he would deliver the bond. With that understanding the plaintiff and his wife signed the blank bond, and left it with the justice of the peace. He thereafter filled it up as it now appears, binding the obligors absolutely to make the payments on the bond as therein specified during the life of Mrs. Davis. The claim of the defendant is that the plaintiff could not under his reply simply denying that he sealed, executed and delivered the bond, show by parol evidence what the true agreement between the parties was, nor what instructions were given to the justice of the peace in reference to filling up and completing the bond; and that the only remedy of the plaintiff, if the bond was not filled

up as agreed, was to have it reformed so as to make it conform to the agreement; and the General Term upheld this claim, holding that under the issue formed by the reply the parol evidence was inadmissible to contradict or vary the bond, and that if it did not express the true agreement between the parties the plaintiff should have interposed a reply asking for its reformation.

We think the learned General Term fell into error. If this had been a complete bond when the plaintiff signed it, although by mistake or fraud it did not express the true agreement between the parties, his sole remedy would have been to procure its reformation, and when an effort was made to enforce the bond against him he could not contradict the terms thereof by parol evidence, except by proper allegations in his pleading asking for its reformation. But here the plaintiff did not sign any bond. He signed a blank piece of paper, and it would have been sufficient for him on the trial to prove that he simply signed a blank piece of paper, and then it would have been necessary for the defendant to show that he authorized the blank to be filled up, and how and under what circumstances the authority was given and what the authority was. A party who signs a blank piece of paper cannot be bound to the obligation written therein, unless it can be shown that he gave the person who wrote it authority. (*Chauncy* v. *Arnold*, 24 N. Y. 330; *Dutchess & Columbia Co. R. R. Co.* v. *Mabbett*, 58 id. 397; *Drury* v. *Foster*, 2 Wall. 24.) There might be cases of an estoppel where one who signed a paper in that way would be bound by it. But in this case no estoppel arises, as the action is between one of the original parties and the representative of the other party. So the defendant is not in a position to complain if the bond is given effect according to the true agreement between the parties. Suppose the justice of the peace, instead of inserting payments in this bond, as agreed, had inserted therein a conveyance of real estate, or a bond for the absolute payment of the principal of a large sum of money; or, suppose the plaintiff had signed this blank bond without authorizing any one to fill it up, and some unauthorized

person had afterward filled it up as it now appears; in either of these cases would the bond thus filled up and completed in form have been the bond of the plaintiff? Certainly in neither case could it it have been said that the plaintiff executed such a bond.

Here so far as the bond departed from the agreement of the parties it was not the bond of the plaintiff. The only authority the justice of the peace had was to insert in this bond the precise agreement of the parties as directed As he did not do that this is not, in the form it now appears, the bond of the plaintiff, and under a denial that he executed the bond he may show the circumstances under which he signed his name and what the agreement at the time he signed it was.

We are, therefore, of opinion that the order of the General Term should be reversed and the judgment of the trial term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.