CASE 83.—MANDAMUS PROCEEDING BY J. P. SIDEBOTTOM
AGAINST S. W. HAGER, AUDITOR OF STATE, TO
COMPEL THE ISSUANCE OF A WARRANT FOR
THE PAYMENT OF A CLAIM.—November 27.

## Hager Auditor, v. Sidebottom

Appeal from Franklin Circuit Court.

CHARLES C. MARSHALL, Special Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. States — Action Against—Answer — Time to File.—Mandamus
to compel the Auditor of State to issue a warrant to pay a
reward offered by the Governor for the apprehension of an
offender is practically against the State, and a meritorious
defense must be allowed, though not tendered in time fixed
by Civ. Code Prac. section 474, whether the defense is governed by the section or not; the State not being affected by
the laches of its officers.

2. Officers—Governor—Private Secretary of Governor—Authority.—The private secretary of the Governor, employed to
assist him in the labors of his office, as authorized by Acts
1906, p. 260, c. 30, is not authorized to discharge the duties
of the Governor in his absence.

3. Rewards—Power to Offer Rewards—Statutes.—The Governor,
in offering a reward for the apprehension of an offender, as
authorized by Ky. St. 1903, sections 1932, 1933, must exercise
discretion as to whether a reward shall be offered, and the
amount thereof, and must also determine to what jail the
offender shall be delivered, etc., and his private secretary,

authorized by Acts 1906, p. 260, c. 30, to assist him in the labors of his office, cannot, in the absence of the Governor, offer a reward.

4. Evidence—Action on Written Contract—Defenses.—The rule that, in a suit on a written contract, the writing cannot be called in question, except on an allegation of fraud or mistake, does not preclude a party from pleading that he did not execute the writing, or that he signed a blank, which was subsequently filled by another, without authority.

5. Mandamus — Rewards—Payment—Action to Compel.—A plea in mandamus to compel the Auditor of State to issue a warrant to pay a reward offered by the Governor which alleges that the Governor did not offer the reward, that he signed a blank, and that, while he was absent, his private secretary offered the reward by filling out the blank, charges that the record sued on is not a genuine record because not in fact made by the Governor, and is available, though Ky. St. 1903, section 3760, provides that an official certificate shall not be called in question, except on allegation of fraud or mistake.

6. Executive Power — Certificate of Governor — Evidence. — An official certificate of the Governor to a reward offered for the apprehension of an offender is only prima facie valid, and may be shown to be invalid by proof invalidating other official certificates purporting to be the acts of the officers whose names they bear.

7. Demands—Statutes.—Claims against the State treasury cannot arise by implication, and he who demands money from the treasury must show that his claim is warranted by law.

N. B. HAYS, Atty. General and C. H. MORRIS for appellant.

1. In this case the governor simply signed a proclamation of reward on blank and when the parties appeared asking that a proclamation issue the private secretary to the governor filled in the blanks and issued the proclamation.

2. We contend that this is a delegation of authority which is beyond the power of the chief executive, or if an assumption on the part of the private secretary, is no less void than if the power was attempted to be delegated. It is not the official act of the governor.

### AUTHORITIES CITED.

Ky. Stats., 1932; Ringo v. N. F. Bank's Trustee, 101 Ky., 95;

Hager, Auditor, v. Sidebottom.

Public Officers Troop, secs. 536, 571, 572; Mechem on Public Officers, secs. 567, 609; Constitution, sec. 69; A. & E. Ency. of Law, 2 Ed., vol. 23, p. 366; Mann v. Richardson, 66 Ill., 484; Sheehan v. Gleeson, 46 Mo., 100; State v. City of Patterson, 34 N. J. L., 163; Hyde v. Joyes, 4 Bush, 464; State v. Hastings, 10 Wis., 531; Inre Tod 76 Am. St. Rep., 616; 12 South Dak., 386.

JOHN B. LINDSAY for appellee.

CAMMACK & PERRY of counsel.

### POINTS AND CITATIONS.

1. The defendant had lost the right to answer by failing to answer in time under the Practice Act.

2. The answer offered not a defense to the petition,—res judicata,— estoppel,—verity of official act and record.

### CITATIONS.

Practice Act of March 29, 1902, now Code sec. 367A; Acts 1873 Ch. 736 as amended by the Act approved March 16, 1906,— Acts of 1906, p. 260; Cyc. vol. 16, pp. 808, 809, secs. 2 and 3, p. 634; Ky. St., secs. 1625, 3760; Auditor v. Ballard, 9 Bush, 574, citing Wentworth v. Day, 3 Met. Mass., 352. and Story on Contracts, sec. 380; Dawkins v. Sappington, 26 Ind., 199; Coffee v. Comlth., 18 Ky. Law Rep., 696; Cox v. Gill, 83 Ky., 669; Keith v. Feder, 10 Ky. Law Rep., 588; Dowell v. Mitchell, 82 Ky., 47; Davis v. Jenkins, 93 Ky., 253-8; Tichenor v. Yancey, 89 Ky., 508; Thomas v. Ireland, 88 Ky., 581; State ex Rel Miller v. Barber, 4 Wyo., 409, 27 L. R. A., 45; Sherman v. Langham, 92 Tex., 13; 30 L. R. A., 258; State ex rel No. & C. Banking Co. v. Heard, 47 L. R. A., 512; Morford v. Territory, 10 Okla., 741, 54 L. R. A., 513; Megenau, &c. v. City of Fremont, 30 Neb. 343, 9 L. R. A., 208; State N. C. v. Lewis, 107 N. C. 967, 11 L. R. A., 105.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

J. P. Sidebottom brought this suit against S. W. Hager, as Auditor of Public Accounts of the State of Kentucky, alleging, in effect, that the Governor on

November 30, 1906, by proclamation duly issued, offered a reward in the sum of $500 for the apprehension and delivery of Burt Hudson to the jailer of Owen county, wherein Hudson stood charged with murder; that while the offer was in force, he arrested Hudson on December 3, 1906, in St. Louis, Mo., and delivered him to the jailer of Owen county; that at the February term, 1907., his claim for $500 was allowed by the Owen circuit court; that he presented it to Hager as Auditor, and he refused to issue a warrant in his favor. A copy of the Governor's proclamation was filed with the petition, and a mandamus was prayed against the Auditor, requiring him to issue a warrant for the payment of the claim. The Auditor demurred to the petition. His demurrer was overruled. He then tendered an answer, but the court refused to allow it to be filed, and entered judgment in favor of the plaintiff as prayed. The Auditor appeals.

The suit was filed July 24, 1907. The process was served on that day. The next rule day was August 5. No defense was made then or on the next rule day, September 2d. On September 10th, the second day of the term, the plaintiff entered a motion in court for a mandamus pursuant to notice given when the suit was filed. On September 19th the plaintiff entered a motion for judgment. The court took time; and on September 24th the defendant filed a demurrer to the petition. On October 4th the court overruled the demurrer. The defendant then tendered his answer, but the court refused to allow it to be filed. It is insisted that the court properly refused to allow the answer filed because it was not tendered in time under the practice act. We do not deem it material to consider whether or not the filing of the answer was gov-

Hager, Auditor, v. Sidebottom.

erned by section 474, Civil Code of Practice. The court had allowed the demurrer to be filed, and when he passed on the demurrer, the answer was tendered. The suit is practically one against the State. The Auditor was defending for the State. A meritorious defense for the State should never be rejected because of the delay of its officers in tendering it. The State is, as a rule, not affected by the laches of its officers. In the multitude of matters they have to look after some will be delayed, and we know officially that the Attorney General's office at this time was much over-worked. We assume from the court's allowing the demurrer to be filed that he refused to allow the answer filed because he did not consider that it presented a defense to the action; and this is the main question in the case.

In the answer it was, in substance, alleged that the Governor did not offer a reward for Burt Hudson; but that he signed a blank, and left it with his private secretary, Ed O. Leigh; that while the Governor was absent, application was made to Leigh; that he heard the application, and made out and promulgated the proclamation of the reward sued on, by filling out the blank in the absence of the Governor, and without his considering the application; that the proclamation was not the act of the Governor and was null and void. It is insisted for the plaintiff that Leigh's act was authorized by the statute, to the effect "that the Governor of this Commonwealth be and he is hereby allowed to employ and have a private secretary to assist him in the labors of his office. * * * The Governor shall be responsible for all the official acts of his private secretary." See Acts, 1906, p. 260, c. 30. The private secretary is to assist the Governor in the labors of his office. He is not authorized to dis-

charge the duties of the Governor in his absence. Certain officers are allowed by law to appoint deputies, but there is nothing in the act showing any intention to vest in the private secretary any of the powers vested in the Governor. The rule is elementary that a delegated authority can not be delegated without authority of law, and that acts requiring the exercise of discretion and judgment must be performed by the officer himself. The Governor in cases of this sort must exercise a discretion as to whether a reward should be issued, and, if issued, in what amount. Ky. Stats., 1903, section 1932. He must determine to what jail the prisor shall be delivered, and how, or in what paper or papers, the offer of reward shall be published. Ky. Stats., 1903, section 1933. If the Governor may delegate to his private secretary such matters of discretion as these, it is hard to understand what duties of the chief magistrate may not be performed by his secretary in his absence.

Section 3760, Ky. St. 1903, is also relied on. That section provides, in substance, that an official certificate shall not be called in question "except upon the allegation of fraud in the party to be "benefited thereby or mistake on the part of the officer." In a suit on a written contract the writing cannot be called in question except upon an allegation of fraud or mistake; but this rule was never understood to mean that a party could not plead that he did not execute the writing or that he signed a blank which was afterwards filled by another without authority. The pleading here does not call in question the Governor's certificate. It charged that it is not his act. It is a plea that the alleged record sued on is not a genuine record because not in fact made by the Governor. Nor is the record itself conclusive of its

Hager, Auditor, v. Sidebottom.

genuineness. There is no statute giving it any such effect. It is, like the certificate of any other officer, prima facie valid, but subject to be shown invalid by proof that would invalidate other official certificates, purporting to be the acts of the officers whose names they bear. If the statute had authorized the circuit judge of the district to issue offers of reward in cases like this, would it be maintained that a certificate signed in the judge's name was conclusive on the State? Or if it was shown that the judge had signed a blank before leaving home, and in his absence his stenographer had heard an application and issued an offer of reward by filling in the blank, could it be said that this was the act of the judge, and binding on the State? The validity of an official act does not depend on the grade of the officer. The highest officer is bound by the law no less than the lowest. If he does not conform to the law, his act no more binds the State than that of the humblest officer in the land under like circumstances. Both are but agents of the State, and, to bind it, must act in conformity to law. One can no more delegate his discretionary duties to another than the other. Claims against the treasury cannot arise by implication, and he who demands money from the public treasury must fail unless his claim is warranted by law. The foundation of the plaintiff's claim is the proclamation of the Governor, and if that is invalid, the law does not authorize its payment. A similar question to that before us arose in Re Tod, 12 S. D. 386, 81 N. W. 637, 47 L. R. A. 566, 76 Am. St. Rep. 616, where the Governor signed blank warrants, and these, when application was made, were filled out and issued by his secretary without action by the Governor. The warrants were held void.

If the proceeding here was sustained, officers might be appointed, persons might be arrested, death warrants might issue in the absence of the Governor, and without any exercise by him of the discretion confided in him personally by law. We therefore conclude that the answer presents a good defense to the action. The ex parte order of the Owen circuit court is only prima facie evidence of the correctness of the claim. Ky. St. 1903, section 340a.

Judgment reversed, and cause remanded for further proceedings consistent herewith.