WILFRED R. WILSON vs. FREEMAN I. DAVISON.

Suffolk.    March 17, 1922. — June 30, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Contract*, What constitutes, Performance and breach. *Stockbroker.* *Agency*, Existence of relation. *Evidence*, Competency. *Practice, Civil*, Variance; Conduct of trial: order of proof; Exceptions.

At the trial of an action for breach of a contract by the defendant, one F. I. D., to deliver to the plaintiff certain shares of the capital stock of a mining corporation on or before a certain date, there was evidence tending to show that the defendant was in the business of a stockbroker and had in his employ a stock salesman; that, following a conversation with the stock salesman, undertaking to represent the defendant, relating to the capital stock in question, the plaintiff in a conversation with the defendant referred to that with the salesman; that the defendant said to him "It is a big thing; it is a good thing;" that later the plaintiff saw the salesman and agreed to purchase the shares, giving his check therefor, which originally was written payable to the defendant's order but, on the salesman requesting that it be made payable to "D & Company," was altered by the plaintiff and made payable to "F. I. D. Company." The check was collected and subsequently the plaintiff received by mail a paper, signed "D Co per F. I. D.," acknowledging receipt of the money in payment of the stock and stating that it would be delivered "ten days prior to listing for public trading, or at the latest by Nov. 1, 1919;" that until he made the check the plaintiff had not known or heard of the "D Company" or the "F. I. D. Company;" that on December 12 the plaintiff wrote the defendant stating that he had not received the stock and demanding his money back; that the defendant did not return the money, on December 17 wrote that the delay was due to an error in the issue of the certificate, and on the next day sent a certificate to the plaintiff by registered mail which he refused to accept. There was a verdict for the plaintiff. On exceptions by the defendant, it was *held*, that

(1) The circumstance, that the plaintiff's check was made payable to "F. I. D. Company" instead of to the defendant, was not as a matter of law conclusive against the plaintiff since it could have been found that it was so drawn at the request of the defendant's agent;

(2) The contract upon which the plaintiff relied being an oral contract made before the delivery of the check to the defendant's salesman, the plaintiff was not bound by the provisions of the paper acknowledging receipt of the money in payment of the stock as by an instrument in writing whose terms could not be varied by extrinsic evidence;

(3) Since the first count of the declaration was for money had and received to the plaintiff's use and the second set forth the agreement to purchase the stock, the payment by the plaintiff therefor, and that the defendant had failed to deliver the stock in accordance with his promise, there was no variance;

(4) An instruction by the judge to the jury that a letter and the document signed "D Company per F. I. D.," sent to the plaintiff acknowledging the

receipt of $1,000 in payment for the stock, were not conclusive as showing that the plaintiff dealt with the corporation, but that they were to be considered with all the circumstances in determining whether the agreement was with the defendant or with the corporation, were sufficiently favorable to the defendant, self-serving statements not being competent evidence and failure to reply to them not amounting to an admission by the persons to whom they are addressed of the facts stated therein;

(5) The defendant was not harmed by the fact that in his charge the trial judge characterized the document above described as a receipt.

At the trial above described, the plaintiff, on direct examination, testified that he had a conversation with the defendant who told him that the salesman with whom the plaintiff had been talking "was a valuable man, a stock salesman, a detail man, and that he was fetching him into his business because of those qualifications." Later the plaintiff testified that after this conversation with the defendant he had a talk with the salesman, and he was asked to relate what the salesman had said, and, subject to an exception by the defendant, was permitted to answer that the salesman had told him that he represented the defendant "in extending an invitation" to persons to visit the mine, and to relate other statements which he testified that the salesman had made to him. *Held,* that

(1) In the circumstances, the evidence was competent;

(2) While the agent's statement that he was authorized to bind his principal was alone plainly inadmissible to prove the agency, it was admissible to show that in what he did he purported to act for the defendant and not for some one else;

(3) The ruling made related merely to the order of proof, to which no exception lay.

CONTRACT OR TORT (counts in tort being waived) for $1,000 paid by the plaintiff for two thousand five hundred shares of the capital stock of the Liverpool Silver Mines Company. Writ dated December 17, 1919.

In the Superior Court, the action was tried before *Aiken,* C. J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,078.34; and the defendant alleged exceptions.

*A. M. Pinkham,* for the defendant, submitted a brief.

*F. L. Norton,* for the plaintiff.

CROSBY, J. This is an action to recover $1,000 paid by the plaintiff on June 19, 1919, for certain mining stock which was to be delivered on November 1, 1919. The declaration is in five counts; the first and second are in contract, the others, in tort, were waived.

There was evidence that the defendant was engaged in the

business of a broker and had in his employ one Davy; that Davy, undertaking to act for the defendant, on or about June 10, 1919, in a conversation with the plaintiff respecting the Liverpool Silver Mines Company located in Montana told him that the defendant was offering for sale stock in the company at forty cents a share; that it would be listed on the Boston curb at seventy cents by September and that those who purchased the stock would make a net profit upon its being listed of thirty cents a share. There was also evidence that after this interview the plaintiff saw the defendant and referred to his conversation with Davy and the defendant said to him, "It is a big thing; it is a good thing." On June 19 the plaintiff saw Davy and agreed to purchase two thousand five hundred shares and paid therefor $1,000 by check. The check was originally written payable to the defendant's order, but on Davy requesting that it be made payable to "Davison & Company," it was altered and made payable to "F. I. Davison Company" and delivered to Davy. It was deposited in a bank and collected. Afterwards, the plaintiff received by mail a paper signed "Davison Company Per Freeman I. Davison," acknowledging the receipt of $1,000 in payment of the stock and stating that it would be delivered "ten days prior to listing for public trading, or at the latest by Nov. 1, 1919."

The plaintiff testified that up to the time he made the check he had not known nor heard of the Davison Company or the F. I. Davison Company; that he never received the stock; that at different times in September and October he asked both the defendant and Davy for its delivery, and on December 12, 1919, wrote to the defendant stating in substance that the stock had not been delivered as agreed not later than November 1, 1919, and demanded the return of the $1,000 paid therefor. The defendant did not return the amount paid, but on December 17 wrote to the plaintiff that the delay was due to an error in the issuance of the certificate. On December 18 the certificate was sent to the plaintiff by registered letter but was not accepted by him. It is the contention of the plaintiff that he dealt with the defendant individually through his agent Davy, that he was entitled to rescind the contract because the certificate was not delivered as agreed on November 1, that he did so rescind and is entitled to recover back the amount paid.

At the close of the evidence the defendant moved that the court order a verdict in his favor for the following reasons:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. There is a variance between the allegations and the proof, the proof showing that the money was paid to the corporation, Davison Company." The court declined to allow the motion and the defendant excepted.

If the jury were warranted in finding that the agreement for the purchase and sale of the stock was made by the plaintiff with the defendant and not with Davison Company, the verdict for the plaintiff was warranted.

The circumstance that the check was made payable to the order of F. I. Davison Company is not conclusive if, as the jury could have found, it was so drawn at the request of the defendant's agent; it would not show that the contract was not made with the defendant if, on all the evidence, it appeared that the contract in fact was made with the defendant; especially as the jury could have found that the plaintiff had no knowledge of the existence of Davison Company. Besides the check was not made payable to that company but to F. I. Davison Company.

If as the jury could have found the stock was purchased from the defendant individually and that the check was given in payment therefor, the rights of the parties to the contract were not affected because at the request of the defendant's agent the check was made payable to a third person or a corporation; it did not affect the real transaction.

When the plaintiff bought and paid for the stock, he was told that it would be listed on the exchange in September and delivered by November 1; no offer was made to deliver it until after that date and when it was sent the plaintiff declined to receive it. The written instrument mailed to the plaintiff and signed by "Davison Company Per Freeman I. Davison," acknowledging receipt of $1,000 in payment for the stock and reciting that the stock would be delivered not later than November 1, 1919, is not, as the defendant contends, the contract declared on, or upon which the plaintiff seeks to recover. The cause of action upon which he relies is a completed oral agreement entered into before the payment was made. It could have been found that the instrument referred to in no way modified or took the place of the oral agreement. Ac-

cordingly the cases cited by the defendant to the effect that a written contract cannot be varied by parol evidence are not pertinent.

The defendant's contention that there was a variance between the pleadings and the proof cannot be sustained. The first count is for money had and received to the plaintiff's use. The second sets forth the agreement to purchase the stock, the payment of the plaintiff therefor, and that the defendant has failed to deliver the stock in accordance with his promise. Although the check was made payable to a payee other than the defendant at the request of the latter's agent, for the reasons previously stated it could be found to be a payment made to the defendant's order and in satisfaction of the plaintiff's obligation.

The court instructed the jury in substance that the letter and enclosed paper, each dated June 18 and sent to the plaintiff acknowledging the receipt of $1,000 in payment for the stock, were not conclusive as showing that the plaintiff dealt with the corporation, but that they were to be considered with all the circumstances in determining whether the agreement was with the defendant or with the corporation. This instruction was sufficiently favorable to the defendant. It is well settled that self-serving statements are incompetent and failure to reply to them does not amount to an admission by the persons to whom they are addressed of the facts stated therein. *Callahan* v. *Goldman,* 216 Mass. 234, 237, 238. *Jennings* v. *Wall,* 217 Mass. 278, 282. *Mahoney* v. *Philpot,* 219 Mass. 480, 482. *Kumin* v. *Fine,* 229 Mass. 75, and cases cited.

The exception to the characterization by the judge in his charge of the paper enclosed in the letter above referred to as a receipt, must be overruled. The paper is in the form of a receipt for $1,000; the concluding sentence that "The stock will be delivered to you ten days prior to listing for public trading, or at the latest by Nov. 1, 1919" does not alter its essential character; it was in evidence before the jury and the defendant could not have been harmed by the term which the judge applied to it.

The plaintiff, on direct examination, testified that he had a conversation with the defendant who told him that Davy "was a valuable man, a stock salesman, a detail man, and that he was fetching him into his business because of those qualifications."

Later the plaintiff testified that after this conversation with the defendant he had a talk with Davy; he was asked to relate what was said; his answer, admitted subject to the defendant's exception, was as follows: "Mr. Davy told me that he represented Mr. Davison in extending an invitation" to persons to visit the mine. He also spoke of other statements alleged to have been made by Davy. If this evidence is considered as statements of Davy that he was the agent of Davison, authorized to bind him in the sale of stock to the defendant, we are of opinion that it was competent. While the agent's statement alone that he was authorized to bind his principal was plainly inadmissible to prove the agency, *Rolfe* v. *Tufts,* 216 Mass. 563, 566, *Ennis* v. *Wright,* 217 Mass. 40, it was admissible to show that in what he did he purported to act for Davison and not for some one else. *Nowell* v. *Chipman,* 170 Mass. 340. And this testimony was not the only evidence of agency; it could have been found from what the defendant said that he was bringing Davy into his business because he was a valuable man. The ruling made related merely to the order of proof to which no exception lies. *Morse* v. *Woodworth,* 155 Mass. 233, 248. *Henderson* v. *Raymond Syndicate,* 183 Mass. 443, 445. *Anthony & Cowell Co.* v. *Brown,* 214 Mass. 439.

As we perceive no error in the conduct of the trial, the entry must be

*Exceptions overruled.*