## A. DRABEK v. JOE E. WEDRICKAS.[1]

January 2, 1931.

No. 28,199.

*Bentley & Christianson,* for appellant.
*Thomas Mohn* and *Horace W. Mohn,* for respondent.

HOLT, J.

Plaintiff appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff, a sole trader doing business as Red Wing Lumber Company, sued defendant upon an account for some building materials sold and delivered. No defense was interposed thereto; but a counterclaim was set up for damages growing out of a contract for placing a new roof on defendant's home in Red Wing. If there was evidence properly received from which the jury could find that

[1]Reported in 234 N. W. 6.

plaintiff made the contract with defendant and laid the roof, the the verdict cannot be disturbed, for the amount thereof was not challenged in the motion for a new trial.

October 4, 1927, Harold H. Howard solicited and obtained an order or contract from defendant to cover the roof of his home with vulcanite roofing for the sum of $254. There was a guarantee that should a leak occur in the roof through faulty material or workmanship it would be repaired free of charge for five years, provided reasonable notice of the defect was given. There was nothing on the face of the contract indicating who the party was who undertook to furnish the material or do the work, except the printed order blank which defendant signed had Monarch Asphalt Roofing Company printed at the top above the date, with the word Monarch overlined and the word Goodhue stamped above with a rubber stamp. Below the signature of defendant was the name Howard written after the printed word Salesman. On the back of the order slip was written: "Received Down Payment of $45.00, Forty Five Dollars. H. Howard, 1511 West Main, Red Wing Lumber Co." On November 3, 1927, defendant received a letter from plaintiff reading:

"Enclosed find a card covering your roof contract, amount of which is $254.00, payable $15.00 or more down on completion of the roof and $15.00 on the 15th of each month thereafter. If you will mail this card to us with your check we will enter the credit on the card and mail back to you. Would be glad to have you make the payment at this time. Thanking you for the business, we remain,

"Yours very truly,

"Red Wing Lumber Co.

"A. Drabek."

The only business defendant had with Harold H. Howard was in respect to furnishing the vulcanite roofing and putting it on defendant's house. This comes near being sufficient evidence standing alone to justify the jury in finding plaintiff to be the party who contracted with defendant in respect to the roof. In addition there was the card which this letter inclosed, on one side giving defend-

ant's name and address, the amount of the contract, the amount of the monthly payments, and the words "Pay to Red Wing Lumber Co." On the other side of the card was printed the same guarantee as on the order slip, and in one corner the same name in print and rubber stamp as at the head of the order slip.

Defendant also testified that Howard when soliciting the job represented himself as the agent or salesman of the Red Wing Lumber Company, and that plaintiff, before the quoted letter of November 3, came to defendant's home and stated that he

"wanted a little money, make a payment, and I told him his man did not put right roof, put it on over the shingles, and he says I don't need worry for it is the guarantee roof and if anything happen in five years he going to give back money or put on another roof. * * *.

Q. "Did he say anything to you about the men who put the roof on, who they were?

A. "He said his mans, Red Wing Lumber Company mans. He says he is manager of Red Wing Lumber Company."

He further testified:

"I promised to pay him, and he says he is going to give back money or, if not, put on another roof in five years, after five years to '27 he is going to repair free, and I started to pay."

Defendant expressed himself imperfectly in English, but the jury could well find that plaintiff admitted to defendant that he, plaintiff, made the contract, that his men put the roofing on, and that he guaranteed the material and workmanship to defendant.

There is no merit to the claim that the court erred in admitting under three heads. The first is that the parol evidence rule was violated, by showing that plaintiff was the one who in reality contracted with defendant. From what has already been indicated the order slip and receipt thereon indorsed leave uncertain who the party contracting with defendant was, and parol testimony was proper to identify the party and in no manner varies or contradicts the writing. Wm. Lindeke Land Co. v. Levy, 76 Minn. 364, 79 N. W.

314; Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166, 133 A. S. R. 451; Curtis v. N. W. Bedding Co. 121 Minn. 288, 141 N. W. 161.

There is no merit to the claim that the court erred in admitting testimony of statements made by Howard that he represented plaintiff when the contract for the roofing was procured. It is of course the law that declarations of an agent are not admissible to prove his agency. But there being prima facie proof of the agency, statements of the agent made in the conduct of a transaction are as admissible as if made by the principal in person. In this trial there was no testimony received of what Howard stated in respect to whom he represented until after the reception of the testimony that plaintiff had admitted to defendant that Howard was plaintiff's salesman and that the roofing order was procured for plaintiff and was filled or performed by him. Woodbury v. Larned, 5 Minn. 271 (339) and Wilson v. Davison, 242 Mass. 237, 136 N. E. 354, hold it would not be prejudicial error were the order of proof reversed, so long as there is evidence of agency aliunde the declarations of the agent.

We may observe that on plaintiff's own testimony, that he bought the contract from the Goodhue Asphalt Roofing Company, it is difficult to see how he expects to get away from the guarantee in the contract.

There is no point to the error assigned in respect to the testimony of another transaction. As soon as the court noticed that the testimony related to another roofing contract procured by the same salesman, the court promptly struck it from the record and directed the jury to disregard it. We cannot think that this incident deprived plaintiff of a fair trial.

The order is affirmed.