WESTERN NATIONAL INSURANCE COMPANY, APPELLANT, v. ROBERT LEE TRENT, RESPONDENT.

No. 3691

August 22, 1952. 247 P.2d 208.

*Taylor and Gubler,* of Las Vegas, for Appellant.

*John W. Bonner,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an action upon a contract of insurance. Respondent was the plaintiff below; appellant was the defendant. The parties will be so designated in this opinion.

On February 16, 1949, plaintiff's automobile was damaged in an upset. The car was covered against such injury by a contract of insurance between plaintiff and defendant company. Immediately following the accident plaintiff gave notice thereof to an agent of defendant company in Las Vegas, Nevada. Thereafter, repair was undertaken by the A. C. Grant Company of Las Vegas. Plaintiff, upon examining the car, refused to accept it as satisfactorily repaired. Negotiations failing, this action was brought for breach of contract. Following trial before the court without a jury, judgment was rendered in favor of plaintiff in the alternative: should defendant elect to keep the car (as was defendant's option under the contract) plaintiff to have judgment in the sum of $2,150; should defendant elect not to keep the car, plaintiff to have judgment in the sum of $1,345. From that judgment and from order of the court denying new trial defendant has appealed.

Defendant contends that its obligation under the contract of insurance was reduced to the fixed sum of $472.30 by accord and satisfaction reached prior to the performance of repairs and based upon an estimate made by the Grant company. In support of its contention it offered in evidence a document signed by plaintiff entitled "Sworn Statement In Proof Of Loss" directed to defendant company. The document as offered in evidence was a printed form containing certain blanks filled in by typewriting. Defendant relies upon that portion of the document which reads:

"The actual loss and damage to above described automobile as a result of said loss was *$522.30.* * * *

Insured hereby claims of this company and will accept from this company in full release and satisfaction in compromise settlement of all claims under this policy the sum of *$472.30,* [being the amount of the loss less $50 deductible premium]."

Upon the reverse side of the document was a second instrument also signed by plaintiff and entitled "Certificate of Satisfaction and Authorization To Pay Other Than Assured." This stated, "The loss or damage for which this claim is made has been made good to my entire satisfaction and I hereby release and discharge the *Western National Insurance Company* from all claims and demands for loss or damage which occurred on or about the *16th* day of *February,* 1949 and authorize payment to *A. C. Grant Paint & Body Shop* whose receipt for same shall be a complete acquittance."

The italicized portions of the above quotations were typewritten completions of the blank printed form.

Plaintiff testified at the trial, over objection by defendant, that the documents when signed by him were in blank and were signed upon the representation of defendant's agent that they constituted simply a proof of loss establishing that damage had been sustained, which proof was necessary before repair could be undertaken; that subsequently bids were solicited by defendant for the necessary repair and the contract of repair let by defendant to the Grant company as low bidder; that the italicized portions of the above quotations were thereupon filled in by defendant without knowledge, approval or authorization of plaintiff.

This testimony was disputed by defendant's agent but apparently was believed by the trial court which found: "That the proof of loss submitted to the defendant by plaintiff was at the request of defendant signed in blank by plaintiff and delivered to defendant in that form; that plaintiff received no consideration nor was there any meeting of minds, or new contract entered into, nor was there any accord and satisfaction agreed upon by

virtue of the execution and delivery of said proof of loss signed in blank as aforesaid."

Defendant's principal assignment of error upon this appeal is that the court erred in admitting plaintiff's testimony as to the condition of the document when he signed it, in the absence of any showing of fraud, since such testimony tended to vary by parol the terms of a written instrument contrary to the parol evidence rule.

Such is not the case. Plaintiff is not contending that the terms of the accord and satisfaction were other than those set forth in the "Sworn Statement In Proof Of Loss." Plaintiff contends that no accord and satisfaction ever existed. His testimony tends to negative the very existence of such a contract rather than to vary its terms. It is well recognized that parol testimony is admissible for such a purpose, for the parol evidence rule presupposes a valid and binding agreement. See 32 C.J.S. 934 (Evidence, sec. 972 et seq.) ; 20 Am.Jur. 955 (Evidence, sec. 1094). It may, accordingly, be shown by parol that an instrument in a material respect was executed in blank and was subsequently filled out without authority or improperly. Jones v. Coulter, 75 Cal.App. 540, 243 P. 487; Hager v. Sidebottom, 130 Ky. 687, 113 S.W. 870; Saunders v. Commercial Credit Trust, 192 Minn. 272, 256 N.W. 142; Richards v. Day, 137 N.Y. 183, 33 N.E. 146, 23 L.R.A. 601, 33 Am.St.Rep. 704.

Defendant asserts the general rule that if one signs an instrument containing blanks he must be understood to entrust it to the person to whom it is delivered to be filled in by that person. It must be borne in mind, however, that we are not here dealing with a case of estoppel or of reliance upon apparent authority by an innocent third party. The parties to this dispute are the parties to the supposed agency relationship itself. As between them the question is as to their agreement: as to the extent of the actual authority to fill in the blanks. As

between them the contention remains available that the blanks were improperly filled in contrary to the understanding of the parties and this contention may be established by parol evidence. Saunders v. Commercial Credit Trust, supra; Richards v. Day, supra.

Defendant contends that the findings are unsupported by the evidence in that it is established that plaintiff, until this action was brought, did not address his complaints to defendant but to the Grant company; that all negotiations for settlement of the dispute were carried on between that company and plaintiff. Defendant contends that this demonstrates conclusively that plaintiff acknowledged and accepted the terms of the accord and satisfaction. In the absence of any contention of estoppel or waiver or of any proof of the elements thereof, it cannot be said that plaintiff by his conduct conclusively demonstrated an acceptance of the accord and satisfaction. His primary interest was in the repair of his car and in this connection the Grant company was the natural object of his complaints. His actions in attempting to settle the dispute directly with that company cannot be said to establish an agreement to look solely to that company for redress or to be inconsistent with his present contention of liability in defendant. To support a plea of accord and satisfaction the proof must be clear that there was a meeting of the minds of the parties. "Nor should it be maintained as a pitfall into which the unwary may fall by some act wholly unintended to express his acquiescence in a transaction, wherein his lack of experience or lack of knowledge of technical law might debar him from a right of action * * *." Wolf v. Humboldt County, 36 Nev. 26, 131 P. 964, 965, 45 L.R.A., N.S., 762.

Defendant contends that the judgment is not supported by the pleadings in that the complaint alleges damages in the sum of $1,885 while judgment is in the

sum of $2,150 and thus is excessive. That judgment, however, is optional with defendant and is dependent upon its election to retain the automobile. The alternative judgment which is dependent upon proof of damage is in the sum of $1,345 and is unquestionably supported by the pleadings.

The judgment and order of the district court are affirmed with costs.

BADT, C. J., and EATHER, J., concur.

ORDER DENYING PETITION FOR REHEARING
September 18, 1952.

*Per Curiam:*

**Rehearing denied.**